# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARDY D. CHADWICK, CDCR #T-13047,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SAN DIEGO POLICE DEP'T,<br><br>　　　　　　　　　　　　Defendant. | Civil No.   08-0423 L (RBB)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [Doc. No. 2]**<br><br>**AND**<br><br>**DISMISSING CIVIL ACTION FOR FAILING TO PREPAY CIVIL FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

### I.     PROCEDURAL BACKGROUND

Ardy D. Chadwick ("Plaintiff"), a prisoner currently incarcerated at the California's Men Colony in San Luis Obispo, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Northern District of California on January 31, 2008. In his Complaint, Plaintiff alleges an undercover police officer with the San Diego Police Department used excessive force and unlawfully arrested him for selling drugs. (*See* Compl. at 5-7.) Plaintiff seeks $3.15 million in damages. (*Id.* at 6.)

////

////

1       On February 15, 2008, United States District Judge Ronald M. Whyte determined that
2 venue was proper in the Southern District of California and transferred this case to this District.
3       Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to
4 commence a civil action; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP")
5 pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

6 **II.**    **MOTION TO PROCEED IFP**

7       Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil
8 litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2).
9 However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the
10 privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

15 28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision."
16 *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to
17 § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v.*
18 *Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA,
19 "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP
20 status under the three strikes rule[.]"). The objective of the PLRA is to further "the
21 congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*,
22 128 F.3d 1310, 1312 (9th Cir. 1997).

23       "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which
24 were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim."
25 *Andrews*, 398 F.3d at 1116 n.1. Thus, once a prisoner has accumulated three strikes, he is
26 prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is
27 under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d
28 at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible

1  allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of
2  filing.")[1]

3  While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his
4  request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket
5  records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under
6  § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g),
7  however, the court must "conduct a careful evaluation of the order dismissing an action, and
8  other relevant information," before determining that the action "was dismissed because it was
9  frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a
10  strike under § 1915(g)." *Id.* at 1121.

11  The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be
12  granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure
13  12(b)(6).'" *Id.* at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).
14  *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight
15  or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also*
16  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual
17  allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an
18  arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint,
19  embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A
20  case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d
21  at 1121 (quotation and citation omitted).

22  **III.    APPLICATION OF 28 U.S.C. § 1915(g)**

23  The Court notes as an initial matter that it has carefully reviewed Plaintiff's Complaint
24  and has ascertained that it makes no "plausible allegation" to suggest Plaintiff "faced 'imminent

---

[1] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. *Rodriguez v. Cook*, 169 F.3d 1176, 1179-82 (9th Cir. 1999); *see also Andrews*, 398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise if § 1915(g) were applied to preclude those prisoners who had filed actions who were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP.").

1  danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting
2  28 U.S.C. § 1915(g)).  Therefore, Plaintiff may be barred from proceeding IFP in this action if
3  he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious or
4  for failing to state a claim.  *See* 28 U.S.C. § 1915(g).

5    A court "may take notice of proceedings in other courts, both within and without the
6  federal judicial system, if those proceedings have a direct relation to matters at issue." *United*
7  *States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.
8  1992); *St. Louis Baptist Temple, Inc. v.  FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).  Here, the
9  Court takes judicial notice that Plaintiff has had three prior prisoner civil actions dismissed in
10 the Southern District of California on the grounds that they were frivolous, malicious, or failed
11 to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and
12 § 1915A.  *See Chadwick v. San Diego Police Dep't,*  S.D. Cal. Civil Case No. 01-1343 W (JAH)
13 (Oct. 3, 2001 Order Dismissing action without prejudice for failing to pay filing fees and/or
14 Move to Proceed IFP and sua sponte Dismissing Complaint for failing to state a claim pursuant
15 to 28 U.S.C. § 1915A(b) [Doc. No. 2]) (strike one); *Chadwick v. State of California*, S.D. Cal.
16 Civil Case No. 01-1512 JM (JAH) (Nov. 13,  2001 Order Dismissing action without prejudice
17 for failing to pay filing fees and/or Move to Proceed IFP and sua sponte Dismissing Complaint
18 as frivolous pursuant to 28 U.S.C.  § 1915A(b)(1) [Doc. No. 2]) (strike two); and *Chadwick v.*
19 *California Dep't of Corrections*, S.D. Cal. Civil Case No. 04-2327 IEG (POR) (Feb. 14, 2005
20 Order Granting IFP and sua sponte Dismissing Complaint for failing to state a claim pursuant
21 to 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b) [Doc No. 3]) (strike three).

22   Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes"
23 pursuant to § 1915(g), and he fails to make a "plausible allegation" that he is under imminent
24 danger of serious physical injury, he is not entitled to the privilege of proceeding IFP in this
25 action.  *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C.
26 § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners
27 with a history of abusing the legal system from continuing to abuse it while enjoying IFP
28

1  status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission
2  to proceed IFP is itself a matter of privilege and not right.").

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 2] and **DISMISSES** the case without prejudice for failure to prepay the full $350 civil filing fee required by 28 U.S.C. § 1914(a).

**IT IS SO ORDERED.**

DATED: March 18, 2008

M. James Lorenz
United States District Court Judge